Kevin D. Sullivan (SBN 270343)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone:  310.557.9576
Facsimile:  310.943.2162
ksullivan@ebglaw.com

Attorneys for Defendant
CASPER SLEEP INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CASPER SLEEP INC., a New York corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | CASE NO. 5:22-cv-01801<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**<br><br>[From the Superior Court of California, County of San Bernardino, Case No. CIV SB 22 15902<br><br>Action Filed: July 22, 2022<br>Action Removed: October 12, 2022 |

1

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

FIRM:57131490v4

1    TO THE CLERK OF THE OF THE UNITED STATES DISTRICT

2   COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

3    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441,

4   1446, and 1453, defendant Casper Sleep Inc. ("Casper"), hereby removes the

5   above-captioned putative class action from the Superior Court of California,

6   County of San Bernardino, to the United States District Court for the Central

7   District of California.

8    1.    On July 22, 2022, Plaintiff filed a putative class action complaint

9   against Casper in the Superior Court of California, County of San Bernardino,

10   captioned *Arisha Byars v. Casper Sleep Inc.* Case No. CIV SB 2215902 (the

11   "State Court Action").

12    2.    A copy of the complaint in the State Court Action is attached hereto

13   as **Exhibit A** (the "Complaint").

14    3.    The Complaint alleges that Casper's website, http://www.casper.com

15   (the "Website") "secretly deployed 'keystroke monitoring' software that [Casper]

16   uses to surreptitiously intercept, monitor, and record the communications

17   (including keystrokes and mouse clicks) of all of visitors to its Website." Plaintiff

18   alleges that Casper "has violated and continues to violate the California Invasion

19   of Privacy Act ("CIPA"), California Penal Code § 631." (*See* Compl., ¶¶ 1–3.)

20    4.    Plaintiff purports to bring the claims on behalf of a California class of

21   persons, with the following proposed membership:

22        All persons within California, who (1) within one year of

23        the filing of this Complaint visited Defendant's website,

24        and (2) whose electronic communications were caused to

25        be intercepted, recorded, and/or monitored by Defendant

26        without prior consent.

27   (*Id.* ¶ 19.)

28

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

FIRM:57131490v4

5.    Plaintiff believes the number of putative class members to be "in the tens of thousands, if not more."  (Compl., ¶ 20.)

6.    Plaintiff asserts that Plaintiff and each putative class member is entitled to statutory damages of at least $2,500 per violation, plus injunctive relief, punitive damages, and attorneys' fees and costs.  (Compl., ¶ 31.)  Plaintiff also seeks prejudgment interest.  (*Id.* at p. 7, ¶ 7.)

7.    On September 12, 2022, Plaintiff served the Complaint and Summons on Casper.  The time for Casper to answer or otherwise plead in the State Court Action has not expired.

8.    This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

9.    This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA").

10.    Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

11.    "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"  *Id*. (quoting S. Rep. No. 109-14, p. 43 (2005)).

**This Is a "Class Action" With More Than 100 Putative Class Members**

12.    This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

13.    The putative class Plaintiff seeks to represent includes more than 100 members; indeed, Plaintiff alleges that she "believes the number to be in the tens of thousands, if not more."  (Compl., ¶ 20.)

**There Is Minimal Diversity of Citizenship**

14.    There is minimal diversity of citizenship among the parties.  Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

15.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges that Plaintiff "is an adult resident of California."  (Compl. ¶ 7.)  Casper is informed and believes that Plaintiff is a citizen of California.

16.    Further, all putative class members would be citizens of California because Plaintiff seeks to enforce the California Penal Code, which does not apply extraterritorially.

17.    For CAFA removal purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *accord United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

18.    Casper is a corporation formed under the laws of Delaware and headquartered in New York.  (Request for Judicial Notice, Ex. A.)  Therefore, Casper is diverse from Plaintiff and all putative class members.

**The Alleged Amount in Controversy Exceeds $5,000,000**

19.    The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  For purposes of determining the

4
DEFENDANT'S NOTICE OF REMOVAL OF ACTION

amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated[.]"  28 U.S.C. § 1332(d)(6).

20.     The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 574 U.S. at 89.

21.     Casper denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative classes are entitled to any alleged claim for monetary or other relief.  Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

22.     Plaintiff seeks to represent a putative class she estimates to be in the tens of thousands, and she seeks at least $2,500 in statutory damages for each putative class member for each alleged violation—it would take only a fraction of this membership (2,000 members) in the putative class to put $5,000,000 of statutory damages in play.

23.     Casper agrees that at least 2,000 Californians visited the Website during the class period.

24.     When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

25.     Moreover, Plaintiff seeks injunctive relief, attorneys' fees, and punitive damages in this putative class action Complaint, and each of those also adds to the amount in controversy.  *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (the potential cost to the defendant of complying with the injunction creates the amount in controversy for

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

1  jurisdictional purposes"); *Fritsch v. Swift Transportation Co. of Arizona, LLC*,

2  899 F.3d 785, 795 n. 2 (9th Cir. 2018) (amount in controversy includes all

3  reasonable attorneys' fees not merely through the date of removal, but through

4  resolution of the action); *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL

5  4931756, at *9 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for

6  punitive damages as allowed under the CLRA to hold that the federal court had

7  jurisdiction under CAFA).

8       26.    Casper denies that Plaintiff is entitled to any punitive or other

9  damages whatsoever, or to injunctive relief or attorneys' fees, but even a

10  conservative one-to-one ratio for putative damages would further elevate the

11  amount in controversy well above the $5,000,000 CAFA statutory minimum.  If

12  challenged to do so by Plaintiff or this Court, Casper can and will present

13  evidence to establish by a preponderance of evidence that Plaintiff's claims

14  exceed the jurisdictional minimum of $5,000,000.00.  *Dart Cherokee*, 574 U.S. at

15  87 (explaining that a removing defendant need only present a short and plain

16  statement of the grounds for federal jurisdiction in its removal papers and need not

17  present evidence to establish the amount in controversy until challenged to do so).

18                 **REMOVAL IS PROCEDURALLY PROPER**

19       27.    Removal is timely because Casper filed this notice within thirty days

20  of Plaintiff's September 12, 2022 service of the Complaint on Casper.  *See* 28

21  U.S.C. § 1446(b)(1).

22       28.    Removal to this Court is proper because the United States District

23  Court for the Central District of California embraces the location where the State

24  Court Action was commenced and is pending—San Bernardino, California.  *See*

25  28 U.S.C. §§ 89(b), 1441(a).

26       29.    Casper submits with this notice a copy of all process, pleadings, and

27  orders served upon it in this action as **Exhibit B**.  *See* 28 U.S.C. § 1446(a).

28

6

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

30.     Casper will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

31.     Casper will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino in accordance with 28 U.S.C. § 1446(d).

32.     Moreover, Plaintiff consents to removal of the State Court Action.

## NON-WAIVER

33.     If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the time within which to remove will have not begun to run, and Casper reserves the right to remove this action at the appropriate time. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

34.     Casper does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.


Respectfully submitted,

DATED:  October 12, 2022          EPSTEIN BECKER & GREEN, P.C.


By:     */s/* Kevin D. Sullivan
        Kevin D. Sullivan
        Attorneys for Defendant
        Casper Sleep Inc.


7

DEFENDANT'S NOTICE OF REMOVAL OF ACTION